**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | |
|---|---|
| BILLIE JO FIELDS,<br><br>Plaintiff,<br><br>v.<br><br>EXETER FINANCE CORP.,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 4:17-cv-00020<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes BILLIE JO FIELDS ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of EXETER FINANCE CORP. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4. Plaintiff is a 42 year-old-natural person residing in the within the Southern District of Indiana.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

7. Defendant is a specialty automobile finance company with a headquarters located at 222 Las Colinas Boulevard West, Suite 1800, Irving, Texas. Defendant issues and services loans to consumers throughout the country, including in Indiana.

8. Defendant is a "person" as defined by 47 U.S.C. §153(39).

9. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

10. Defendant's collection calls to Plaintiff were "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

12. Several years ago, Plaintiff incurred a consumer automobile loan ("subject consumer debt") issued through Defendant which she used to finance the purchase of a 2014 Kia Optima.

13. After financing the vehicle, Plaintiff's daughter, Desarye Short ("Desarye"), regularly made monthly installment payments directly to Defendant.

14. When Desarye was late with payments to Defendant, it would regularly and persistently call Plaintiff's cellular phone, (812) XXX-8611, seeking payment on the on the subject consumer debt.

15. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the above cellular telephone ending in 8611. Plaintiff is and has always been financially responsible for the cellular phone and its services.

16. The number that Defendant would most often utilize to contact Plaintiff from was (800) 321-9637.

17. Upon information and belief, the phone number ending in 9637 is regularly used by Defendant to contact consumers during its collection activities.

18. When Plaintiff answered calls from Defendant, she would always experience a noticeable several second pause and hear a click before a live representative came on the line.

19. In approximately April 2015, Defendant's call to Plaintiff became more and more frequent as Desarye fell behind on payments.

20. Defendant would routinely call Plaintiff as many as six (6) times during the same day, on a nearly daily basis, seeking payment on the subject consumer debt.

21. Plaintiff attempted to work with Defendant to find a solution. Ultimately Defendants contacts became too persistent and Plaintiff instructed it to stop calling her.

22. Despite Plaintiff's request, Defendant continued to call.

23. On more than one occasions, Plaintiff renewed her request to Defendant and advised it that the calls were harassing and not welcomed.

24. During its communications with Plaintiff, Defendant made false and threating statements and representations to Plaintiff regarding her credit and repossession of the vehicle.

25. Defendant was undeterred by Plaintiff's requests, ramping up its call volume throughout 2015. For reference, from June 16, 2015 until October 18, 2016, Defendant called Plaintiff cellular phone not less than 347 times after being instructed to stop.

26. Plaintiff is employed as a nurse, Defendant's calls would regularly come while she was at work and served as a distraction to her job performance.

27. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding her rights resulting in expenses.

28. With the goal of specifically addressing Defendant's conduct, Plaintiff expended approximately $95.00 to purchase and maintain an application subscription on her cellular phone to block the unwanted calls, resulting in pecuniary loss.

29. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies solicitation telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

30. Plaintiff repeats and realleges paragraphs 1 through 29 as though fully set forth herein.

31. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the

capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

32. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The noticeable pause and click that Plaintiff experienced during answered calls before being connected to a live representative of Defendant is instructive that an ATDS was being used. Similarly, the frequency and nature of Defendant's contacts strongly suggests that a predictive dialing ATDS was being used to generate them. Plaintiff would receive as many as six calls a day from Defendant. These conduct occurred on a frequent basis.

33. Defendant violated the TCPA by placing calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent that Plaintiff *may* have initially given to Defendant to call her via an ATDS was explicitly revoked by her demands to cease and notice that the calls were not welcomed.

34. The calls placed by Defendant to Plaintiff were regarding debt collection and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

35. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant willfully acted in defiance of several demands by Plaintiff to cease its conduct.

WHEREFORE, BILLIE JO FIELDS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

36. Plaintiff repeats and realleges paragraphs 1 through 35 as though fully set forth herein.

37. Defendant violated I.C. 24-5-0.5-3 (a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic collection efforts towards Plaintiff.

38. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

39. Defendant engaged in unfair, abusive and deceptive behavior in its transactions with Plaintiff. Through systematic and frequent collection attempts, Defendant used an ATDS to relentlessly contact Plaintiff. Defendant was specifically notified by Plaintiff that its calls were not welcomed and to cease. Despite these instructions by Plaintiff, Defendant doubled-down on its efforts by ramping up the call volume to Plaintiff in an abusive attempt to harass her into submission.

40. Through its conduct, Defendant falsely represented that it had the lawful ability to contact Plaintiff through means of an ATDS. However, Defendant's fraudulent representations did not stop at just actions. Defendant made knowingly false statements to Plaintiff regarding repossession of the vehicle and consequences to her credit. Upon information and belief, Defendant engages in the conduct described throughout this complaint on a systematic and frequent basis. It does so knowing that consumers are unlikely to be aware of their rights and susceptible to sustained pressure.

41. In violating the TCPA, Defendant engaged in illegal and fraudulent behavior during its collection efforts towards Plaintiff. Defendant intended that Plaintiff rely on its illegal behavior. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

42. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

43. Defendant's conduct is part of an incurable deceptive act to which notice would not remedy. Although unsuccessful, Plaintiff made attempts to correct Defendant's incurable deceptive acts by notifying it to cease contacting her. Plaintiff providing notice to stop calling and Defendant continuing its conduct further highlights that its behavior is incurable.

44. Defendant conducts the above described behavior on a wide and frequent basis. This goes against the state's goal of preventing the phone from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious.

45. In addition to inhibiting Plaintiff's time and energy, as pled in paragraphs 26 through 29, Plaintiff has suffered numerous damages as a result of Defendant's unlawful solicitation practices. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, BILLIE JO FIELDS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 31, 2017

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com